# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN ROBERTS,<br><br>    Petitioner,<br><br>v.<br><br>JOSIE GASTELO,<br><br>    Respondent. | Case No.: 1:20-cv-01206 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 20) |

Deshawn Roberts is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge observed that Petitioner argued "the trial court abused its discretion when it declined to strike the firearm enhancement under Penal Code § 12022.53(h)." (Doc. 20 at 13.) The magistrate judge found this ground for relief was not cognizable, "[b]ecause this Court must defer to the state court's determination that no state sentencing error occurred." (*Id.*, citations omitted) The magistrate judge found Petitioner failed to exhaust the other grounds for relief raised in the petition, as required by 28 U.S.C. § 2254(b)(1). (*Id.* at 15-16.) Therefore, the magistrate judge recommended the Petition be denied. (*Id.* at 16.) In addition, the magistrate judge recommended a certificate of appealability be denied. (*Id.* at 17.)

The Court served the Findings and Recommendations on the parties and notified them that

any objections were to be filed within 14 days after service.  (Doc. 20 at 17.)  In addition, the Court advised them "that failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  Petitioner has not filed objections, and the deadline to do so has expired.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court concludes the magistrate judge's Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 5, 2023 (Doc. 20) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. The Court declines to issue a certificate of appealability.

///

///

  4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **September 29, 2023**           _/s/ Jennifer L. Thurston_
                     UNITED STATES DISTRICT JUDGE

3